**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES,<br><br>      Plaintiff,<br><br> v.<br><br>GEO SECURE SERVICES, LLC,<br><br>      Defendant. | No.<br><br>**GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL** |

GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL

# GEO SECURE SERVICES LLC'S NOTICE OF REMOVAL[1]

Defendant, GEO Secure Services, LLC ("GEO"), by and through its undersigned attorneys hereby removes this action from the State of Washington, Pierce County Superior Court, bearing Docket No. 24-2-05626-8, to the United States District Court for the Western District of Washington at Tacoma. Plaintiff, State of Washington Department of Labor and Industries ("L&I"), seeks an order, *inter alia*, granting L&I unlimited and unannounced access to the federal Northwest U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Tacoma, Washington ("NWIPC") to perform inspections and investigations pursuant to Second Substitute H.B. 1470, 68th Leg., Reg. Sess. (Wash. 2023) ("HB 1470" codified at RCW 70.395 *et seq*.) and pursuant to RCW 49.17.070. On December 27, 2023 and December 29, 2023 ICE explicitly directed GEO to deny L&I Inspectors access to the NWIPC to perform requested inspections and investigations. Removal is accordingly proper pursuant to 28 U.S.C.A. §§ 1442 and 1446. In support of this Notice of Removal Defendant states the following:

## NATURE OF THE CLAIMS

1. Plaintiff initiated a claim for a civil action in the State of Washington, Pierce County Superior Court, by filing a Complaint for Injunctive Relief ("Complaint") on January 31, 2024. A copy of the Complaint, Summons, and proof of service are included with Exhibit A.

2. Plaintiff's Complaint describes the action as seeking an order enforcing a warrant, seeking an order of contempt, seeking sanctions, attorney fees and costs, seeking an order enjoining GEO from preventing the L&I entry into the federal NWIPC, and allowing L&I unlimited and unannounced entry to the federal detention facility to conduct inspections and investigate complaints.

3. In the Complaint, Plaintiff asserts that GEO has improperly prevented Plaintiffs from unannounced and unlimited access to the federal NWIPC.

4. Plaintiff also filed a Motion for Ruling of Contempt on January 31, 2024,

---

[1] The GEO Group Inc. is the entity that contracts with ICE to provide residential services at NWIPC. The GEO Secure Services, LLC is a separate entity and is wholly owned by The GEO Group, Inc. This Notice of Removal refers to both entities as "GEO" throughout.

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

similarly asserting that GEO has improperly prevented Plaintiffs from unannounced and unlimited access to the federal NWIPC pursuant to warrant. A copy of that Motion is included with Exhibit A.

5. The federal NWIPC is a secure federal immigration detention facility. GEO provides secure residential care support at the federal NWIPC pursuant to a federal contract with ICE.

6. Consistent with the requirements of GEO's contract for secure residential services at the federal NWIPC, ICE exercises exclusive control over all access to secure portions of the NWIPC. No one, from detainees to GEO employees to vendors, is allowed to enter the secure portions of the federal NWIPC without the express authorization of ICE.

7. All requests for access to secure portions of the federal NWIPC must obtain pre-clearance approvals by ICE, including all requests for access by federal and state employees, as well as GEO employees. GEO is without authority to provide access to the secure portions of the federal NWIPC absent ICE clearance and approval.

8. Despite pending federal litigation regarding the Constitutionality of HB 1470, the Plaintiff has repeatedly attempted to use HB 1470 as authority to gain access to the federal NWIPC over the past three months.

9. On each occasion that the Plaintiff has attempted to gain access to the Facility to conduct unannounced inspections or investigations over the past three months, ICE has explicitly directed GEO to deny the Plaintiff access to the Facility.

10. Accordingly, this case is removable on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

11. This Notice of Removal is timely. The 30-day removal period prescribed by 28 U.S.C. § 1446(b) begins to run when defendant receives a copy of the initial pleading setting forth the claim for relief from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b). GEO was served with the Complaint on January 31, 2024. The receipt of the Complaint put GEO on notice for the first time that Plaintiff's claims in this action involve

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

GEO's actions undertaken at the explicit direction of ICE. The removal of the action, which is being filed within 30 days of GEO's receipt of the Complaint, is therefore timely under 28 U.S.C. § 1446(b).

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

12. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below under Grounds of Removal.

13. Venue is proper in the United States District Court for the Western District of Washington at Tacoma, as the state court action, which is the subject of this removal petition, was filed with the Pierce County Superior Court, where it is alleged that all parties are subject to personal jurisdiction. *See* LCR 3(e)(1).

**GROUNDS FOR REMOVAL**

14. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is removable to this Court by GEO pursuant to the provisions of 28 U.S.C. § 1442(a)(1) in that it is a civil action in which Plaintiffs' alleged right to relief necessarily depends on the resolution of a substantial question of federal law. "Federal officers, and their agents, may remove cases based on acts performed under the color of their federal office if they assert a colorable defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *see also Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-1181 (7th Cir. 2012).

15. Title 28 U.S.C. § 1442(a)(1) "grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *Bailey v. Monsanto* Co., 176 F. Supp. 3d 853, 869 (E.D. Mo. 2016). The words "or relating to" were added to the statute by Congress in 2011. This addition was "intended to broaden the universe of acts that enable Federal officers to remove to Federal court." *Id.* (citation omitted).

16. The Supreme Court has mandated a generous interpretation of the federal officer removal statute in favor of removal. *Ruppel*, 701 F.3d 1176 at 1180 (the federal officer removal status is not narrow or limited); *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969); *see also*

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (noting that the Supreme Court has "rejected a 'narrow, grudging interpretation' of the [federal officer removal] statute.").

17. At all relevant times, GEO was a "person(s)" within the meaning of 28 U.S.C. § 1442(a)(1). *Ruppel*, 701 F.3d at 1181 (finding that a corporate defendant was a "person"); *see also Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992).

18. Plaintiff's claim against GEO is based solely on GEO's compliance with explicit directions provided by ICE. GEO was acting under the explicit direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1) when it advised Plaintiff that ICE was denying Plaintiff entry to the federal NWIPC.

19. Because GEO was acting in accordance with Congressionally mandated detention standards, its federal contractual requirements, and under the explicit direction of an officer of the United States, GEO has colorable federal defenses to Plaintiff's claims.

20. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (a) demonstrate that it acted under the direction of a federal officer, (b) raise a colorable federal defense to plaintiff's claims, and (c) demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office. *See Mesa v. California*, 489 U.S. 121 (1989); *Ruppel*, 701 F.3d at 1180-1181.

21. "Requiring a private contractor seeking federal officer removal to show a 'colorable' claim of state law preemption violates the fundamental principle that '[t]he officer need not win his case before he can have it removed.'" *Graves v. 3M Co.*, 17 F.4th 764, 773 (8th Cir. 2021) (*quoting Willingham*, 395 U.S. at 407, 89 S.Ct. 1813).

22. "While the Court must require that the facts identified by the defendant support the federal defense, the Court is not called upon at this preliminary stage to pierce the pleadings or dissect the facts stated. Nor is the Court's function at this stage to determine credibility, weigh the quantum of evidence or discredit the source of the defense." *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 778 (E.D. Pa. 2010). "It is the sufficiency of the facts stated — not the weight of the proof presented — that matters. For policy reasons, Congress has erected a road to

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

federal court for litigants who can invoke a federal defense. It is not the Court's role to impose judicially created tolls on those who seek to travel on it. Thus, the Court concludes that a defense is colorable for purposes of determining jurisdiction under Section 1442(a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial." *Id.* at 782-83.

23. Should Plaintiff file a motion to remand this case, GEO respectfully requests an opportunity to respond more fully in writing, including the submission of further affidavits and authorities, but offers the following at this time:

    a. The NWIPC is a secure federal immigration detention facility. GEO provides secure residential care support at the NWIPC pursuant to a federal contract with ICE. *See* Declaration of Bruce Scott ("Scott Decl.") ¶ 3.

    b. Consistent with the requirements of GEO's contract for secure residential services at the federal NWIPC, ICE exercises exclusive control over all access to secure portions of the NWIPC. No one, from detainees to GEO employees to vendors, is allowed to enter the secure portions of NWIPC without the express authorization of ICE. *See* Scott. Decl. ¶ 4.

    c. All requests for access to the secure portions of the NWIPC must obtain pre-clearance approvals by ICE, including all requests for access by federal and state employees, as well as GEO employees. GEO is without authority to provide access to the secure portions of the NWIPC absent ICE clearance and approval. *See* Scott. Decl. ¶¶ 5-6.

    d. On December 27, 2023 at approximately 0930 hours, L&I Inspectors Eric Smith and Matt Williams arrived at the NWIPC and demanded access to the entire facility to do a comprehensive workplace inspection. Mr. Smith stated there were no specific workplace complaints that prompted the attempted inspection, but that L&I was demanding access to the entire

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

facility to perform inspections under new law HB 1470. ICE directed GEO to deny L&I access to the NWIPC and GEO communicated that decision by ICE to Mr. Smith. *See* Scott. Decl. ¶¶ 7-11.

e. On December 29, 2023, Mr. Smith and Mr. Williams returned, entered the lobby of the NWIPC and produced a warrant from Pierce County Court demanding that L&I be granted entrance into the facility. Within five minutes of L&I's appearance and demand, GEO attended a meeting with several ICE Officials during which L&I's request and the warrant was reviewed. ICE directed GEO to deny access to Mr. Smith and Mr. Williams for the requested inspection. *See* Declaration of Michael Knight ("Knight Decl.") ¶¶ 5-6.

f. ICE Supervisory Detention and Deportation Officer ("SDDO") Ryan Jennings accompanied GEO to the front lobby of the NWIPC and SDDO Jennings advised Mr. Smith and Mr. Williams that "ICE is denying entry into the facility and there are formal channels they may use to request a tour and once the request has been made then the request will be reviewed." Mr. Smith responded, they were to get everyone's names and titles, which were provided, including the lobby officer Tajalle. Mr. Smith asked SDDO Jennings to repeat his response so he could write the response word for word. *See* Knight Decl. ¶ 7.

g. On December 29, 2023, the State of Washington Department of Health ("DOH") served on GEO a Complaint for Injunctive Relief, Civil No. 23-2-04215034, that sought an order, *inter alia*, granting DOH unlimited and unannounced access to NWIPC to perform inspections and investigations pursuant to HB 1470 and RCW 43.70.190. GEO removed that action to the United States District Court for Western District of Washington on January 9, 2024, citing substantially similar grounds for removal as cited

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

    here. (Western District of Washington, Case No. 3:24-cv-05029, Dkt. No. 1).

  h. On January 31, 2024, Plaintiff filed the Motion for Ruling on Contempt, alleging that GEO has "ignored [the] Court's warrant." Exhibit A at GEO_000017-28. However, the Complaint acknowledges that when GEO initially denied the L&I Inspectors entry, it told them it was acting at the direction of ICE. *Id*. at GEO_000008, ¶ 12. Further, the declaration from L&I Inspector Smith, filed by Plaintiff in support of the Motion for Contempt, states that after presenting the warrant he was denied entry to the facility **by an "ICE Supervisory and Detention Officer"**. *Id*. at GEO_000127, ¶ 5.

  i. The Complaint at one point asserts that L&I "only pursues its authority [to enter and inspect] under RCW 49.17 and WAC 296." *Id*. at GEO-000008, ¶ 13. However, the warrant that Plaintiff presented to GEO, and that it seeks to enforce in this case, cites as authority both RCW 49.17 and HB 1470. *Id*. at GEO_000012. Further, the Complaint, in its Second Claim for Relief, asserts that L&I is entitled to relief (an order allowing inspection) under HB 1470, *see id*. at GEO_000009, ¶ 30, and in the Prayer for Relief it seeks an order "Requiring GEO to comply with RCW 49.17, WAC 296, ***and RCW 70.395*** [HB 1470]." *Id*. at GEO_000010, ¶ 5 (emphasis added).

24. GEO raises colorable federal defenses to this action under the doctrine of "derivative sovereign immunity," under the "intergovernmental immunity doctrine," and under principles of federal preemption.

**A. Derivative Sovereign Immunity**

25. "The United States may not be sued without its consent." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). It is therefore immune from suit unless a plaintiff can point to a statute that says otherwise. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672, 193 L. Ed.

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2d 571 (2016); *Mitchell*, 463 U.S. at 212 ("[T]he existence of consent is a prerequisite for jurisdiction."). Similarly, government contractors may not be sued for carrying out the sovereign's will. *Yearsley v. W.A. Ross Construction Company*, 309 U.S. 18, 20 (1940); *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 341–43 (4th Cir. 2014) (private employees receive *Yearsley* immunity (a/k/a derivative sovereign immunity or "DSI") when performing same functions as government employees); *see generally Filarsky v. Delia*, 566 U.S. 377 (2012) ("[I]t should come as no surprise that the common law did not draw a distinction between public servants and private individuals engaged in public service in according protection to those carrying out government responsibilities."). That is because the government has an "unquestioned need to delegate [its] functions," and because "[i]mposing liability on private agents of the government would directly impede the significant governmental interest in the completion of its work." *Butters v. Vance Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000).

26.  Thus, "a government contractor is not subject to suit if (1) the government authorized the contractor's actions and (2) the government 'validly conferred' that authorization." *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d at 646 (*citing In re KBR*, 744 F.3d at 342; *Yearsley*, 309 U.S. at 20-21). In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016), the U.S. Supreme Court affirmed the two prong *Yearsley* standard, and explained the standard as follows: "Where the Government's 'authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress,' we explained, 'there is no liability on the part of the contractor' who simply performed as the Government directed." *Campbell-Ewald*, 136 S. Ct. at 673 (quoting *Yearsley*, 309 U.S. at 20-21).

27.  As a result, GEO is immune from any suit for carrying out the sovereign's will and denying Plaintiff access to the federal NWIPC at the explicit direction of ICE. *Yearsley* 309 U.S. at 20; *In re KBR, Inc.*, 744 F.3d at 341–43.

   **B.  Intergovernmental Immunity-Direct Regulation**

28.  The Supremacy Clause provides that the "Laws of the United States" made in

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

pursuance of the Constitution "shall be the supreme Law of the Land." U.S. CONST. art. VI, cl. 2. More than 200 years ago, in the foundational case of *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819), the Supreme Court recognized that this guarantee of federal supremacy would be meaningless if the federal government were not immune from regulation and taxation by the states. The Supreme Court held that the supremacy of the federal government within its legitimate sphere of action necessarily meant that the states had no power to interfere with a constitutionally valid federal activity. *Id*. at 427-30. In line with *McCulloch's* prohibition on state laws that "retard, impede, burden, or in any manner control, the operations" of the federal government, 17 U.S. (4 Wheat.) at 436, a state law directly regulates the federal government—and is therefore unconstitutional—if it "involve[s] a direct, physical interference with federal activities . . . or some direct, immediate burden on the performance of the [federal] functions." *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 96 (1945). In assessing whether a state law substantially burdens federal operations, there is no distinction between state regulation of federal employees and state regulation of private contractors carrying out federal operations. In *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738 (1824), the Supreme Court declared that "the right of the State to control [a federal contractor's] operations, if those operations be necessary to its character, as a machine employed by the government, cannot be maintained." *Id*. at 867 (Marshall, C.J.).

29. Following this precedent, the Ninth Circuit has squarely held that intergovernmental immunity forbids a state from substantially interfering with federal activity carried out by a private contractor, even where the activity occurs on private land. *Boeing Co. v. Movassaghi,* 768 F.3d 832, 839 (9th Cir. 2014). For the reasons detailed in *Boeing*, Plaintiff's attempt to enter the federal NWIPC to inspect, investigate and enforce state requirements regarding conditions at the federal NWIPC are unconstitutional because it attempts to directly regulate, control and interfere with federal activities in violation of the Intergovernmental Immunity Doctrine.

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### C. Intergovernmental Immunity-Impermissible Discrimination

30. The United States Supreme Court recently confirmed that the doctrine of Intergovernmental Immunity prohibits state laws that either "regulat[e] the United States directly or discriminat[e] against the Federal Government or those with whom it deals." *United States v. Washington*, 142 S.Ct. 1976, 1984 (2022) (emphasis in original) (quoting *North Dakota v. United States*, 495 U.S. 423, 435 (1990) (plurality opinion)). A state law impermissibly discriminates against the federal government or its contractors if it "single[s them] out" for less favorable "treatment," *Washington v. United States*, 460 U.S. 536, 546 (1983), or if it regulates them unfavorably on some basis related to their governmental "status," *North Dakota*, 495 U.S. at 438 (plurality opinion). Preventing discrimination against the federal government or those with whom it deals lies at the heart of the Constitution's intergovernmental immunity doctrine. *United States v. Washington*, 142 S.Ct. at 1985.

31. The legislative history of HB 1470 unmistakably demonstrates that it was conceived, crafted, and amended specifically to target and impose unique burdens on a single facility—the federal NWIPC—while specifically exempting any similarly-situated Washington State facilities. The Washington Multiple Agency Fiscal Note Summary accompanying HB 1470 states that "While prior versions of the bill could have impacted private detention facilities that DSHS might wish to contract with in the future, the *new language in Section 10 of this bill exempts those types of facilities from the new requirement*s." Individual State Agency Fiscal Note, Office of Att'y Gen. at 15 (Apr. 5, 2023) (emphasis added), https://fnspublic.ofm.wa.gov/FNSPublicSearch/GetPDF?packageID=68477. The Fiscal Note explains these changes allowed the selective targeting of NWIPC: "New Section 10's criteria *reduced the amount of private detention facilities from three to now just one at the Northwest Detention Center in Tacoma*." *Id.*, (emphasis added).

32. Without question, Plaintiff's attempt to enter the NWIPC to investigate claims and enforce HB 1470 imposes upon the federal government and those with whom it deals costs that state or private entities do not bear. In *United States v. California* the Ninth Circuit addressed

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

California laws that imposed various requirements only on detention facilities contracting with the federal government and held that any associated economic burden renders those discriminatory requirements unlawful. *California*, 921 F.3d 865, 883-84 (9th Cir. 2019). Similarly, in *Newsom*, the Ninth Circuit found a California law applicable only to detention facilities contracting with the federal government unconstitutional noting that "[e]nforcement of the substance of [the regulation] against the contractors would have the same effect as direct enforcement against the Government." *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 760 (9th Cir. 2022) (quoting *United States v. Town of Windsor,* 765 F.2d 16, 19 (2d Cir. 1985)). Plaintiff's attempt to enter the NWIPC to investigate claims and enforce HB 1470 is unconstitutional and invalid because it impermissibly discriminates against the federal government and its contractors. *United States v. Washington*, 142 S.Ct. at 1982.

### D. Federal Preemption-Field

33. Federal immigration law provides that the Secretary of Homeland Security "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal," and "[w]hen United States Government facilities are unavailable or facilities adapted or suitably located for detention are unavailable for rental, the [Secretary] may expend . . . amounts necessary to acquire land and to acquire, build, remodel, repair, and operate facilities . . . necessary for detention." 8 U.S.C. § 1231(g)(1). To effectively arrange for appropriate places of detention for removal aliens, Congress further granted the Secretary authority "to make contracts . . . as may be necessary and proper to carry out [his] responsibilities," 6 U.S.C. § 112(b)(2), including contracts with private parties. Congress further authorized the Secretary, in his "reasonable discretion," to carry out the immigration enforcement activities of the Department of Homeland Security "through any means," including "through contracts, grants, or cooperative agreements with non-Federal parties." 28 U.S.C. § 530C(a)(4). Similarly, Congress has also authorized the Secretary to "enter into contracts and other agreements, of any reasonable duration, for detention or incarceration space or facilities, including related services, on any reasonable basis." 18 U.S.C. § 4013 note "Contracts for Space

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

or Facilities" (emphasis added).

34. Federal statutory directives and a comprehensive set of federal detention standards known as the Performance Based National Detention Standards ("PBNDS") govern the operation of private detention facilities. The current PBNDS were implemented and incorporated into ICE contracts at the direction of Congress. The Joint Explanatory Statement and House Report 114-668, which accompany the Fiscal Year (FY) 2017 Department of Homeland Security (DHS) Appropriations Act (Pub. L. 115-31) evince this direction. The Joint Explanatory Statement says: "Within 45 days after the enactment of this Act, ICE shall report on its progress in implementing the 2011 Performance Based National Detention Standards, including the 2016 revisions…" 163 Cong. Rec. H3812 (2017). House Report 114-668 states: "Within 45 days after the date of enactment of this Act, ICE shall report on its progress in implementing the 2011 [PBNDS] and requirements related to [PREA], including a list of facilities that are not yet in compliance; a schedule for bringing facilities into compliance; and current year and estimated future year costs associated with compliance." H.R. Rep. No. 114-668, at 35.

35. The comprehensive framework enacted by Congress regarding the detention of aliens for removal leads to the conclusion that the federal government has occupied the field. *See Arizona v. United States*, 567 U.S. 387, 401 (2012) ("Arizona II"); *Am. Ins. Ass'n v. Garamendi*, 539 U.S. 396, 420, n.11 (2003). see also Viet D. Dinh, *Reassessing the Law of Preemption*, 88 Geo. L.J. 2085, 2098-2099, 2107 (2000). Where Congress occupies an entire field, as it has in the field of alien detention pending removal, even complementary state regulation is impermissible. Accordingly, Plaintiff's attempts to enter the NWIPC to inspect, investigate and enforce state requirements regarding conditions at the federal NWIPC are unconstitutional and invalid because they are preempted by Congress' occupation of the entire field of alien detention pending removal. *See Newsom,* 50 F.4th at 761-763 (2022).

E. **Federal Preemption-Obstacle**

36. As early as *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1 (1824), Chief Justice Marshall stated the governing p1rinciple—that "acts of the State Legislatures …[which] interfere

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

with, or are contrary to the laws of Congress, made in pursuance of the constitution," are invalid under the Supremacy Clause. *Id.* at 211 (emphasis added). More than 100 years later Justice Black, after reviewing the precedents, wrote in a similar vein that, while

> [t]his Court, in considering the validity of state laws in the light of treaties or federal laws touching the same subject, has made use of the following expressions: conflicting; contrary to; occupying the field; repugnance; difference; irreconcilability; inconsistency; violation; curtailment; and interference   In the final analysis, . . [o]ur primary function is to determine whether [a challenged state statute] stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

*Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). Under the doctrine of conflict preemption, "state laws are preempted when they conflict with federal law." *California*, 921 F.3d at 878 (quoting *Arizona II*, 567 U.S. at 399). This includes cases where "compliance with both federal and state regulations is a physical impossibility," and those instances where the challenged state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id*. at 879 (*quoting Arizona II*, 567 U.S. at 399 (internal quotation marks omitted)); *Murphy v. NCAA*, 138 S. Ct. 1461, 1476 (2018).

37. Compliance with both the requirements in HB 1470 and those contained in the current ICE contract and Congressionally mandated PBNDS applicable to NWIPC is impossible because of direct conflicts and inconsistencies.

38. Plaintiff's assertion of authority under HB 1470 or under RCW 49.17.070 to unannounced and unlimited access to the federal NWIPC to investigate and enforce the standards and requirements in HB 1470 presents a direct conflict with the objectives of Congress. Similarly, the Plaintiff's attempt to assess and enforce compliance with state-mandated standards or requirements creates an obstacle to the Congressional objective of implementing a uniform set of federal requirements tailored to the unique purposes of federal alien detention.

39. The existence of a single removable claim allows removal of the entire action. 28 U.S.C. § 1441(c). *Lepucki v. Van Wormer*, 765 F.2d 86, 89 (7th Cir. 1985); *see also National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal. 1980).

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

40.     Notice of this removal has been filed with the state court and provided to all adverse parties by the initial removing defendant pursuant to 28 U.S.C. § 1446(d).

41.     In accordance with the time requirements of Fed. R. Civ. P. 81(c), Defendant will answer or present other defenses or objections. Defendant does not waive and, to the contrary, expressly preserves, any and all rights and defenses it may assert by motion or otherwise with respect to the action and Complaint.

WHEREFORE, Defendant The GEO Group, Inc., pursuant to the statutes and authorities identified above hereby removes this action.

DATED this 2nd day of February, 2024

Davis Wright Tremaine LLP
*Attorneys for Defendant*

By */s/ Harry Korrell*
    Harry J. F. Korrell, WSBA No. 23173

By */s/ John G. Hodges-Howell*
    John G. Hodges-Howell, WSBA No. 42151

    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Phone:  206.622.3150
    Email:  harrykorrell@dwt.com
    Email:  jhodgeshowell@dwt.com

Attorneys for Defendant

By */s/ Scott Schipma*
    Scott Allyn Schipma,* D.C. Bar No. 450425

By */s/ Joseph Negron, Jr.*
    Joseph Negron, Jr.,* FL Bar No. 613398

    4955 Technology Way
    Boca Raton, FL 99431
    Phone:  561.999.7615
    Email:  scott.schipma@geogroup.com
    Email:  jnegron@geogroup.com

*\*Pro Hac Vice* Applications Forthcoming

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that I caused a copy to be served on the following counsel via email.

> Anastasia R. Sandstrom, WSBA #24163
> Attorney General of Washington
> Labor & Industries Division
> 800 Fifth Avenue, Suite 2000
> Seattle, WA 98104
> Telephone: 206.464.6993
> E-mail: LNISeaEService@atg.wa.gov
>       Anastasia.Sandstrom@atg.wa.gov
>       Brittney.Valandingham@atg.wa.gov

*Attorney for Plaintiff*

DATED this 2nd day of February, 2024.

> By */s/ Heather Persun*
> Heather Persun
> 920 Fifth Avenue, Suite 3300
> Seattle, WA 98104
> Phone:  206.622.3150
> Email:  heatherpersun@dwt.com

THE GEO SECURE SERVICE, LLC'S NOTICE OF REMOVAL - 15