The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES,

                  Plaintiff,

   v.

GEO SECURE SERVICES, LLC; THE GEO GROUP, INC.

                  Defendants.

NO.  3:24-cv-05095-BHS

AMENDED COMPLAINT

The Plaintiff, Department of Labor and Industries of the State of Washington (L&I) by and through Robert Ferguson, Attorney General, and Anastasia Sandstrom, Senior Counsel, brings the following allegations, claims, and prayers for relief under RCW 49.17.075 and RCW 7.21.030.[1]

## I.     PARTIES

1.  L&I is a public agency responsible for the administration and enforcement of the Washington Industrial Safety and Health Act, RCW 49.17, and WAC 296. Under this

---

[1] This action was originally filed in Pierce County Superior Court and then removed by Defendant, GEO Secure Services, LLC. While the case is removed to federal court, L&I is following the Federal Rules of Civil Procedure. But L&I believes that this case should be remanded as explained in its motion to remand. Dkt. 10.

1

1  authority, L&I has the authority to inspect workplaces to enforce workplace safety
2  statutes and regulations.
3  2.  Defendant, GEO Secure Services, LLC, (GEO) does business in Pierce County. It
4  contracts with the U.S. Immigration and Customs Enforcement (ICE) to provide
5  detention management services at its Tacoma facility. The facility is called the
6  Northwest ICE Processing Center (NWIPC).
7  3.  Defendant, The GEO Group, Inc. (GEO), does business in Pierce County. It contracts
8  with the U.S. Immigration and Customs Enforcement (ICE) to provide detention
9  management services at its Tacoma facility. The facility is called the Northwest ICE
10  Processing Center (NWIPC).

## II.    JURISDICTION AND VENUE

4.  Venue is proper in Pierce County because L&I obtained the warrant in Pierce County
   Superior Court for GEO's business operation in Pierce County.
5.   Jurisdiction is proper under RCW 49.17.075 and RCW 7.21.030.

## III.    FACTUAL ALLEGATIONS

6.  There are approximately 300,000 employers in Washington. L&I cannot inspect all
   employers and must make decisions about what employers to inspect. Hence it uses the
   technique of unannounced visits. WISHA provides that L&I doesn't need to give
   advance notice to inspect a worksite. RCW 49.17.070(5). The right to unannounced
   entry furthers important safety purposes. There is evidence that regulatory interventions
   can improve occupational health and safety outcomes. The results of pooled analysis by
   researchers provide strong evidence that L&I's Division of Occupational Health and
   Safety inspection activities make a significant contribution to reducing claims rates and
   costs in the period following the visit. Unannounced visits show the real working
   conditions at a workplace. If an employer has a warning about the inspection, they may

AMENDED COMPLAINT
NO.  3:24-CV-05095-BHS                      2          ATTORNEY GENERAL OF WASHINGTON
                                                        LABOR & INDUSTRIES DIVISION
                                                        800 Fifth Avenue, Suite 2000
                                                        Seattle, WA 98104
                                                        (206) 464-6993

create artificial conditions to hid misfeasance and then return to dangerous practices after the inspectors leave.

7. The federal Occupational Safety and Health Act (OSH Act) sets occupational standards for the country. 29 U.S.C. § 651. And states may only act under the authority of the Occupational Health and Safety Administration (OSHA). 29 U.S.C. § 667(b).

8. L&I has adopted workplace standards and entry procedures under the authority of the OSH Act. 29 U.S.C. § 667(b). The OSH Act authorizes states to administer their own state safety plan if the standards meet or exceed federal standards. 29 U.S.C. § 667(b); RCW 49.17.010. Washington has such a State Plan. RCW 49.17.010. The OSH Act's delegation requires inspecting federal contractors, specifically GEO.

9. GEO employees engage in a wide range of duties, including security guard and janitorial work.

10. L&I has routinely inspected GEO's workplace at the NWIPC. Unannounced inspections were performed in 2009, 2010, 2014, twice in 2020, 2021, and 2022. L&I has found safety violations on several occasions.

11. GEO allows other public entities to inspect its workplace. Tacoma-Pierce County Health Department (TPCHD) is a combined county-city health department that operates under RCW 70.05 and RCW 70.08. The TPCHD Communicable Disease Control division's principal responsibility is to prevent and control the spread of diseases in Pierce County. This work includes ensuring food in restaurants, schools, and other institutions in Pierce County is safe to eat. At the request of the GEO Group, TPCHD conducts food safety inspections at the Northwest Detention Facility in Tacoma and has done so since 2004. TPCHD conducts these inspections under WAC 246-215. When TPCHD staff conducts a food safety inspection at the NWIPC they do not call ahead or make appointments. It requires unannounced inspections. When food safety inspectors arrive, they provide their ID to facility staff, sign into a logbook, receive a badge to go

AMENDED COMPLAINT
NO.  3:24-CV-05095-BHS

3

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-6993

through the metal detector, their bags are searched, and they receive a UV stamp on their wrist. Facility staff call the GEO kitchen manager, who escorts TPCHD staff throughout the facility. As of January 19, 2024, GEO has never required TPCHD staff to undergo a background check before entering the building.

12. In December 2023, L&I decided to investigate GEO's workplace as an unannounced programmed inspection for a hazardous workplace.

13. On December 27, 2023, two Department inspectors sought entry to GEO's workplace. These inspectors had background checks. GEO denied the inspectors entry. GEO claimed that ICE told them not to allow L&I's inspection.

14. After GEO's refusal to allow L&I to inspect its workplace, L&I successfully sought a warrant for entry from the Pierce County Superior Court on December 29, 2023. The warrant is attached as Ex. 1. The warrant relied on the authority of RCW 70.395, RCW 49.17, and WAC 296. L&I now only pursues its authority under RCW 49.17 and WAC 296. Despite the warrant, GEO again denied L&I entry.

15. On January 4, 2024, the inspectors returned to the Pierce County Superior Court and obtained a warrant number for the warrant upon return.

16. Washington has a State Plan allowing it to enforce workplace safety regulations under the Occupational Health and Safety Act. 29 U.S.C. § 667(b); RCW 49.17.010.

17. In 2013, GEO settled with the U.S. Secretary of Labor to allow state plan states, including Washington, to enforce state workplace safety laws.

18. As of 2015, GEO's contract with ICE with respect to construction, operation, and maintenance required GEO follow applicable federal, state, and local laws, regulations, codes, guidelines, and policies. In the event of a conflict between federal, state, or local codes, regulations or requirements, the most stringent shall apply. In the event there is more than one reference to a safety, health, or environmental requirement in an applicable law, standard, code, regulation or Government policy, the most stringent

AMENDED COMPLAINT
NO.  3:24-CV-05095-BHS                        4              ATTORNEY GENERAL OF WASHINGTON
                                                            LABOR & INDUSTRIES DIVISION
                                                            800 Fifth Avenue, Suite 2000
                                                            Seattle, WA 98104
                                                            (206) 464-6993

requirement shall apply. The contract also provides that "[t]he Contractor shall comply with the requirements of the Occupational Safety and Health Act of 1970." This provision requires compliance with the State Plan settlement directing inspections of GEO's workplace in Washington by L&I. *See* 29 U.S.C. § 667(b).

### IV.   FIRST CLAIM FOR RELIEF

19. L&I realleges and incorporates by reference each and every allegation set for in the preceding paragraphs.

20. GEO is required to follow RCW 49.17.060. An employer owes to its employees a duty to provide a safe place to work. *LaRose v. King Cnty.*, 8 Wn. App. 2d 90, 123, 437 P.3d 701 (2019). WISHA requires an employer to "furnish to each of his or her employees a place of employment free from recognized hazards that are causing or likely to cause serious injury or death to his or her employees." RCW 49.17.060(1). The duty to provide a safe workplace is non-delegable. *Ward v. Ceco Corp.*, 40 Wn. App. 619, 628-29, 699 P.2d 814 (1985).

21. As part of its non-delegable duty, GEO was required to further access to its workplace under RCW 49.17.070.

22. GEO did not further access to its workplace.

23. RCW 49.17.075 allows L&I to obtain a warrant to further access to a workplace.

24. L&I obtained a warrant on December 29, 2024.

25. GEO refused to comply with the warrant on the same date.

26. L&I is entitled to an order of contempt issued against GEO to allow entry and to cooperate with L&I regarding L&I's inspection.

### V.   SECOND CLAIM FOR RELIEF

27. L&I realleges and incorporates by reference each and every allegation set for in the preceding paragraphs.

AMENDED COMPLAINT
NO.  3:24-CV-05095-BHS

5

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-6993

28. RCW 7.21.030 allows the superior court to issue an order of contempt to enforce its warrant order.

29. L&I is alternatively entitled to relief under RCW 70.395.

## VI.    THIRD CLAIM FOR RELIEF

30. L&I realleges and incorporates by reference each and every allegation set for in the preceding paragraphs.

31. Under RCW 49.17.070, L&I is also entitled to injunctive relief to ensure entry and/or to cooperate with further unannounced inspections.

## VII.    PRAYER FOR RELIEF

L&I makes this claim against GEO, and prays for relief as follows:

1. For enforcement of the warrant.

2. For a contempt order against GEO requiring GEO to allow entry and/or to cooperate with L&I regarding L&I's inspection.

3. For sanctions, attorney fees and costs to be assessed against GEO.

4. For an injunctive order requiring GEO to comply with RCW 49.17, WAC 296, and RCW 70.395.

5. For such further and other relief the Court shall deem just and proper.

DATED this 20th day of February, 2024 by:

ROBERT FERGUSON
Attorney General

ANASTASIA SANDSTROM
Senior Counsel
WSBA No. 24163

AMENDED COMPLAINT
NO.  3:24-CV-05095-BHS

6

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-6993