The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON,

                                   Plaintiff,

        v.

GEO SECURE SERVICES, LLC; THE GEO GROUP, INC.,

                                   Defendants.

No. 3:24-cv-05095-BHS

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES TO AMENDED COMPLAINT

Defendants GEO Secure Services, Inc. ("GEO Secure") and The GEO Group, Inc., by and through its undersigned attorneys and in accordance with FRCP 81(c)(2), hereby submits this Answer, Assertion of Immunity From Suit, and Defenses to the Amended Complaint of Plaintiff, the Department of Labor and Industries of the State of Washington ("Plaintiff" or "L&I"), dated January 30, 2024 (the "Complaint"), and responds to the numbered paragraphs in the Amended Complaint, alleges, and avers as follows on knowledge as to its own acts and otherwise on information and belief.  Any allegation not specifically admitted below is denied.

## ANSWER

### I.   PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same. Paragraph 1 also asserts legal

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT,
AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 1

conclusions to which no response is required.

2. Denied. As detailed in Defendant's Notice of Removal, The GEO Group, Inc. (and not GEO Secure) contracts with U.S. Immigration and Customs Enforcement ("ICE") for federal secure residential housing and support services at the federal Northwest U.S. Immigration and Customs Enforcement Processing Center in Tacoma, Washington ("NWIPC"). Plaintiff's Complaint and Amended Complaint therefore incorrectly identified GEO Secure as a defendant in this matter. GEO Secure reserves any and all rights to seek its dismissal from this lawsuit.

3. Defendants admit that The GEO Group, Inc. contracts with ICE for secure residential housing and support services at the NWIPC. Any other allegations not specifically admitted are hereby denied.

## II.     JURISDICTION AND VENUE

4. Denied. As detailed in Defendant's Notice of Removal, this court has Jurisdiction and Venue over the subject matter in this action based on 28 U.S.C. § 1331, 28 U.S.C. § 1442(a)(1), and LCR 3(e)(1).

5. Denied. As detailed in Defendant's Notice of Removal, this court has Jurisdiction and Venue over the subject matter in this action based on 28 U.S.C. § 1331, 28 U.S.C. § 1442(a)(1), and LCR 3(e)(1).

## III.     FACTUAL ALLEGATIONS

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of these factual allegations and therefore denies the same. Paragraph 6 also asserts legal conclusions to which no response is required.

7. Paragraph 7 asserts legal conclusions to which no response is required.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations and therefore denies the same. Paragraph 8 also asserts legal conclusions to which no response is required.

9. Defendants admit employees of The GEO Group, Inc. perform a variety of services at the NWIPC pursuant to contracts with ICE, but denies the remaining allegations in Paragraph

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT,
AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

9.

10.     Defendants admit that L&I has conducted workplace inspections at the NWIPC in the past.  Defendants deny the remaining allegations in Paragraph 10 as the written reports of those past inspections are the best evidence of the dates of those inspections and the findings and conclusions reached by L&I.

11.     Defendants admit that Tacoma-Pierce County Health Department have conducted inspections at the NWIPC.  The remaining allegations in Paragraph 11 consist of legal conclusions to which no response is required or consist of factual allegations about which Defendants are without knowledge or information sufficient to form a belief as to the truth and therefore are denied.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations and therefore denies the same.

13.     Defendants admit that on December 27, 2023 at approximately 0930 hours, L&I Inspectors Eric Smith and Matt Williams arrived at the NWIPC and demanded access to the entire facility to do a comprehensive workplace inspection. Defendants admit Mr. Smith stated there were no specific workplace complaints that prompted the attempted inspection, but that L&I was demanding access to the entire facility to perform inspections under new law HB 1470, largely codified at Chapter 70.395 RCW. Defendants admit that ICE directed The GEO Group, Inc. to deny L&I access to the NWIPC and employees of The GEO Group, Inc. communicated that decision by ICE to Mr. Smith. Defendants deny the remaining allegations in this Paragraph.

14.     Defendants admit that on December 29, 2023, Mr. Smith and Mr. Williams returned, entered the lobby of the NWIPC and produced a warrant from Pierce County Court demanding that L&I be granted entrance into the facility.  Defendants admit that the warrant referenced "chapter 49.17 RCW, chapter 70.395 RCW, and Title 296 WAC."  Defendants admit that employees of The GEO Group, Inc. attended a meeting with several ICE Officials at the NWIPC during which L&I's request for entry and the warrant were reviewed, and ICE directed The GEO Group, Inc. to deny access to Mr. Smith and Mr. Williams for the requested inspection.

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT,
AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 3

Defendants admit that ICE Supervisory Detention and Deportation Officer ("SDDO") Ryan Jennings accompanied The GEO Group, Inc. employees to the front lobby of the NWIPC and SDDO Jennings advised Mr. Smith and Mr. Williams that "ICE is denying entry into the facility and there are formal channels they may use to request a tour and once the request has been made then the request will be reviewed." Defendants admit that Mr. Smith responded by requesting everyone's names and titles, which were provided. Defendants admit that Mr. Smith asked SDDO Jennings to repeat his response so he could write the response word for word. Defendants deny the remaining allegations in this Paragraph.

15. Because Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 15, Defendants hereby deny the same. Defendants allege that on January 2, 2024, The GEO Group Inc. attempted to file a motion to quash the Department of Labor and Industries' entry warrant for the NWIPC but learned there was no case file or cause number associated with the warrant. The Court indicated it could not consider or take action on any motion in the absence of a case file and cause number. On January 3, 2024, the Court emailed the parties explaining, "The Court received an inquiry regarding quashing the attached warrant signed on 12/29/2023. Please know there is not a Pierce County case number as nothing has been filed to create a new case. The number on the warrant is specific only to identifying the warrant, and is not a case number. Absent a filing to establish a case, this Court is unable to note any proceeding."

16. Paragraph 16 calls for legal conclusions to which no response is required.

17. Defendants admit that in 2013 The GEO Group, Inc. entered a settlement agreement with OSHA and deny the remaining factual allegations of this paragraph as that agreement speaks for itself and is the best evidence of its content.

18. Defendants admit that The GEO Group, Inc. entered a contract with ICE for secure residential housing and support services at NWIPC, but denies the remaining factual allegations in this paragraph as the contract speaks for itself and is the best evidence of its content. Paragraph 18 also asserts legal conclusions to which no response is required.

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**FIRST CLAIM FOR RELIEF FACTUAL ALLEGATIONS**

19. Defendants incorporate by reference each and every response set forth in the preceding paragraphs.

20. Paragraph 20 asserts legal conclusions to which no response is required.

21. Paragraph 21 asserts legal conclusions to which no response is required.

22. Denied. As detailed in Defendant's Notice of Removal, ICE controls access to secure portions of the NWIPC *and ICE denied L&I access to the NWIPC*. Dkt. 1 at 2, ¶¶ 6-7. *See also* Dkt. 1-2 at 128, ¶ 5 (L&I Inspector Eric Smith declaring, "Despite the Warrant, Ryan Jennings, ICE Supervisory Detention and Deportation Officer, refused us entry. He wanted us to contact the ICE Field Office Director to schedule a formal tour of the facility.").

23. Paragraph 23 asserts legal conclusions to which no response is required.

24. Defendants admit that on December 29, 2023, Mr. Smith and Mr. Williams entered the lobby of the NWIPC and produced a warrant from Pierce County Court. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 24 and therefore deny the same.

25. Denied. As detailed in Defendant's Notice of Removal, ICE controls access to secure portions of the NWIPC, and ICE denied L&I access to the NWIPC.

26. Paragraph 26 asserts legal conclusions to which no response is required. Defendants deny L&I is entitled to any relief. Defendants further respond that ICE controls access to secure portions of the NWIPC, and ICE denied L&I access to the NWIPC.

**IV.    SECOND CLAIM FOR RELIEF**

27. Defendants incorporate by reference each and every response set forth in the preceding paragraphs.

28. Paragraph 28 asserts legal conclusions to which no response is required.

29. Paragraph 29 asserts legal conclusions to which no response is required. To the extent Paragraph 29 alleges L&I possesses the right to unimpeded access to the NWIPC pursuant to RCW 70.395 that assertion is denied.

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## V.    THIRD CLAIM FOR RELIEF

30.    Defendants incorporate by reference each and every response set forth in the preceding paragraphs.

31.    Paragraph 31 asserts legal conclusions to which no response is required. Defendants deny that L&I is entitled to any relief.  Defendants further respond that ICE controls access to secure portions of the NWIPC, and ICE denied L&I access to the NWIPC.

## VI.    PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to relief requested in the Prayer for Relief or any relief whatsoever.

## DEFENDANTS' ASSERTION OF IMMUNITY FROM SUIT AND DEFENSES

## DERRIVATIVE SOVEREIGN "YEARSLEY" IMMUNITY FROM SUIT

1.    Plaintiff's complaint alleges at Paragraphs 14  and 29 that Defendants violated RCW 70.395 (HB 1470) because Defendants "refused" Plaintiff entry to the NWIPC.

2.    Plaintiff also seeks an injunction compelling Defendants to allow Plaintiff access to the NWIPC under the authority of RCW 70.395 (HB 1470) and RCW 49.17.070.

3.    The federal NWIPC is a secure federal immigration detention facility. The GEO Group, Inc. provides secure residential care support at the federal NWIPC pursuant to a federal contract with ICE.

4.    Consistent with the requirements of The GEO Group, Inc.'s contract for secure residential services at the federal NWIPC, ICE exercises exclusive control over all access to secure portions of the NWIPC. No one is allowed to enter the secure portions of the federal NWIPC without the express authorization of ICE.

5.    All requests for access to secure portions of the federal NWIPC must obtain pre-clearance approvals by ICE, including all requests for access by federal and state employees. Defendants are without authority to provide access to the secure portions of the federal NWIPC absent ICE clearance and approval.

6.    On December 27, 2024 ICE representatives explicitly directed The GEO Group,

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Inc. to deny L&I access to the NWIPC and GEO followed those directions.

7.     On December 29, 2024 ICE representatives directly denied L&I access to the NWIPC.

8.     A government contractor is not subject to suit if (1) the government authorized the contractor's actions and (2) the government validly conferred that authorization. *Yearsley v. W. A. Ross Constr. Co.*, 309 U.S. 18 (1940); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 187 (2016).

9.     Defendants are immune from any suit for carrying out the sovereign's will and denying Plaintiff access to the federal NWIPC at the explicit direction of ICE. *Yearsley v. W. A. Ross Constr. Co.*, 309 U.S. 18 (1940); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 187 (2016).

## INTERGOVERNMENTAL IMMUNITY-DIRECT REGULATION

10.     Intergovernmental immunity forbids a state from substantially interfering with federal activity carried out by a private contractor, even where the activity occurs on private land.

11.     Plaintiff's attempt to enter the federal NWIPC to inspect, investigate and enforce state requirements regarding conditions at the federal NWIPC pursuant to RCW 70.395 (HB 1470) are unconstitutional because such efforts attempt to directly regulate, control and interfere with federal activities in violation of the Intergovernmental Immunity Doctrine.

## INTERGOVENRMENTAL IMMUNITY—IMPERMISSIBLE DISCRIMINATION

12.     A state law impermissibly discriminates against the federal government or its contractors if it singles them out for less favorable treatment, or if it regulates them unfavorably on some basis related to their governmental status.  Preventing discrimination against the federal government or those with whom it deals lies at the heart of the Constitution's intergovernmental immunity doctrine.

13.     The legislative history of RCW 70.395 (HB 1470) unmistakably demonstrates that it was conceived, crafted, and amended specifically to target and impose unique burdens on a single facility—the federal NWIPC—while specifically exempting any similarly-situated Washington State facilities.

14.     Plaintiff's attempt to enter the NWIPC to investigate claims and enforce RCW

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

70.395 (HB 1470) imposes upon the federal government and those with whom it deals burdens and costs that state or private entities do not bear. As a result, RCW 70.395 (HB 1470) is unconstitutional and invalid because it impermissibly discriminates against the federal government and its contractors.

## FEDERAL PREEMPTION-FIELD

15. Federal immigration law provides that the Secretary of Homeland Security "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal," and "[w]hen United States Government facilities are unavailable or facilities adapted or suitably located for detention are unavailable for rental, the [Secretary] may expend . . . amounts necessary to acquire land and to acquire, build, remodel, repair, and operate facilities . . . necessary for detention." 8 U.S.C. § 1231(g)(1). To effectively arrange for appropriate places of detention for removal aliens, Congress further granted the Secretary authority "to make contracts . . . as may be necessary and proper to carry out [his] responsibilities," 6 U.S.C. § 112(b)(2), including contracts with private parties. Congress further authorized the Secretary, in his "reasonable discretion," to carry out the immigration enforcement activities of the Department of Homeland Security "through any means," including "through contracts, grants, or cooperative agreements with non-Federal parties." 28 U.S.C. § 530C(a)(4). Similarly, Congress has also authorized the Secretary to "enter into contracts and other agreements, of any reasonable duration, for detention or incarceration space or facilities, including related services, on any reasonable basis." 18 U.S.C. § 4013 note "Contracts for Space or Facilities" (emphasis added).

16. Federal statutory directives and a comprehensive set of federal detention standards known as the Performance Based National Detention Standards ("PBNDS") govern the operation of private detention facilities. The current PBNDS were implemented and incorporated into ICE contracts, including The GEO Group, Inc.'s contract for secure residential housing and support services at the NWIPC, at the direction of Congress.

17. The comprehensive framework enacted by Congress regarding the detention of aliens for removal indicates the federal government has occupied the field. Where Congress

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

occupies an entire field, as it has in the field of alien detention pending removal, even complementary state regulation is impermissible.

18.    Plaintiff's attempts to enter the NWIPC to inspect, investigate and enforce state requirements regarding conditions at the federal NWIPC pursuant to RCW 70.395 (HB 1470) are unconstitutional and invalid because they are preempted by Congress' occupation of the entire field of alien detention pending removal.

### FEDERAL PREEMPTION-OBSTACLE

19.    Under the doctrine of conflict preemption, state laws are preempted when they conflict with federal law. This includes cases where compliance with both federal and state regulations is a physical impossibility, and those instances where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

20.    Plaintiff's assertion of authority under RCW 70.395 (HB 1470) to assess, inspect, investigate and enforce compliance with state-mandated standards or requirements creates an obstacle to the Congressional objective of implementing a uniform set of federal requirements tailored to the unique purposes of federal alien detention.

21.    Defendants have yet to avail themselves of the right to discovery, and do not fully know the circumstances alleged in Plaintiff's Complaint. Therefore, Defendants hereby reserve the right to assert additional defenses as the course of discovery and investigation progresses.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's claims and award fees and costs as allowed by applicable law.

///

///

///

///

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 29th day of February, 2024.

By */s/ Harry J. F. Korrell*
Harry J. F. Korrell, WSBA No. 23173
John G. Hodges-Howell, WSBA No. 42151
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Phone: 206.622.3150
Email: harrykorrell@dwt.com
Email: jhodgeshowell@dwt.com

By */s/ Scott Allyn Schipma*
Scott Allyn Schipma, (Admitted *pro hac vice*)
Joseph Negron, Jr., (Admitted *pro hac vice*)
4955 Technology Way
Boca Raton, FL 99431
Phone: 561.999.7615
Email: scott.schipma@geogroup.com
Email: jnegron@geogroup.com

*Attorneys for Defendant*

DEFENDANTS' ANSWER, ASSERTION OF IMMUNITY FROM SUIT,
AND DEFENSES TO AMENDED COMPLAINT 3:24-cv-05095-BHS) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax