The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

No. 3:24-cv-05095-BHS

STATE OF WASHINGTON,
DEPARTMENT OF LABOR AND
INDUSTRIES,

                    Plaintiff,

     v.

GEO SECURE SERVICES, LLC;
THE GEO GROUP, INC.,

                    Defendants.

---

No. 3:24-cv-05029-BHS

STATE OF WASHINGTON,
DEPARTMENT OF HEALTH,

                    Plaintiff,

     v.

THE GEO GROUP, INC.,

                    Defendant.

Case Nos. 3:24-cv-05095-BHS
          3:24-cv-05029-BHS

PLAINTIFFS' RESPONSE TO
GEO'S SURREPLY

NOTE ON MOTION CALENDAR:
March 22, 2024

GEO's surreply seeks to strike two declarations from the Department of Health, relating to events that occurred at the NWIPC since Plaintiffs' motion for preliminary injunction was first filed. Although the two declarations are directly relevant to the irreparable harm and public interest prongs of the preliminary injunction analysis, GEO seek to exclude them as hearsay. Plaintiffs DOH and L&I provide three short responses.

First, LCR 7 expressly permits a moving party to file with its reply brief "any supporting material of the type described in subsection (1)"—which includes affidavits and declarations. LCR 7(b)(3). Here, L&I and DOH submitted Ms. Muñiz's and Ms. Eckmann's declarations with their reply brief in support of their motion for preliminary injunction. These declarations identified an additional basis for why the NWIPC presents a potential threat to public health. Dkt. #42, ¶¶ 5, 13; Dkt. #43, ¶ 4. The additional basis arose following the death of a detainee and reports of suicidal ideation, and directly responds to GEO's arguments in its opposition brief that Plaintiffs failed to make such a showing of a public health threat. *See* Dkt. #37 at 6, n.3. GEO further argued that "the public interest and balance of equities favor denial of the Motion." No. 3:24-cv-05029-BHS, Dkt. #38 at 7; No. 3:24-cv-05095-BHS, Dkt. #37 at 7. The declarations directly refute these points. Moreover, GEO filed a surreply and had an opportunity to respond to Plaintiffs' declarations. No. 3:24-cv-05029-BHS, Dkt. #45 at 3-4; No. 3:24-cv-05095-BHS, Dkt. #46 at 3-4. This Court may therefore consider them. *See Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, No. 2:19-CV-1458-DWC, 2024 WL 895358, at *3 (W.D. Wash. Mar. 1, 2024).[1]

Second, the rules of evidence do not strictly apply in the context of a motion for preliminary injunction. *See Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th

---

[1] GEO's other cited cases are inapposite. For example, in *Kogan v. Allstate Fire & Casualty Insurance Co.*, No. C15-5559BHS, 2017 WL 11679256 (W.D. Wash. Feb. 13, 2017), this Court noted that it "is not usually a stickler for striking arguments" but the parties' filing was "too much," given "the streak of three surreplies on three motions[.]" *Id.* at *2. There is no such streak here. Instead, L&I and DOH offer declarations on issues that have arisen since filing their motion for preliminary injunction that also directly respond to GEO's arguments raised in its opposition.

PLAINTIFFS' RESPONSE
TO GEO'S SURREPLY
NO. 3:23-CV-05095-BHS
NO. 3:23-CV-05029-BHS

1

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

1  Cir. 1984); *see also* 11a Charles Alan Wright & Arthur R. Miller, *Federal Practice and*
2  *Procedure: Application for a Preliminary Injunction* § 2949 (3d ed. Apr. 2023 update). Courts
3  routinely consider hearsay evidence in determining whether to grant a preliminary injunction
4  since to hold otherwise would be at odds with the summary nature of the remedy and would
5  undermine the ability of courts to provide provisional relief. *See Mullins v. City of New York*,
6  626 F.3d 47 (2d Cir. 2010); *see also G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d
7  709 (4th Cir. 2016), *vacated in part*, 580 U.S. 1168 (2017) (concluding the federal district court
8  erred in excluding movant's evidence because, in preliminary injunction proceedings, the court
9  can look to, and rely on, hearsay or other inadmissible evidence). Regardless of whether the
10  declarations contain hearsay, in the context of a preliminary injunction, the Court has discretion
11  to weigh the evidence as required to reflect its reliability. *A.H.R. v. Wash. State Health Care*
12  *Auth.*, 469 F. Supp. 3d 1018, 1030 (W.D. Wash. 2016).

13  Third, Plaintiffs do not offer Ms. Muñiz's and Ms. Eckmann's declarations solely for the
14  truth of the matter asserted—but also to show the effect on the listener. In other words, they
15  further demonstrate why L&I seeks access to the facility. As GEO concedes, a man died while
16  in solitary confinement at the NWIPC after Plaintiffs' filed their motion for preliminary
17  injunction. Coupled with the hundreds of complaints about the food, the cleanliness, and the
18  conditions at the NWIPC, a detainee's possible suicide provides additional support that the
19  facility merits inspection.

20  //
21  //
22  //
23  //
24  //
25  //
26  //

1    To determine whether a preliminary injunction is necessary, this Court can and should

2  consider Ms. Muñiz's and Ms. Eckmann's declarations.

3    DATED this 22nd day of April 2024.

4                                                    I certify that this memorandum contains 687
                                                     words, in compliance with the Local Civil Rules.
5

6                                                    ROBERT W. FERGUSON
                                                     Attorney General
7
                                                     */s/Anastasia Sandstrom*
8                                                    ANASTASIA SANDSTROM, WSBA No. 24163
                                                     *Senior Counsel*
9                                                    800 Fifth Ave., Ste. 2000
                                                     Seattle, WA 98104
10                                                   (206) 464-7740
                                                     Anastasia.Sandstrom@atg.wa.gov
11                                                   *Attorney for Department of Labor and Industries*

12                                                   ELLEN RANGE, WSBA No. 51334
                                                     *Assistant Attorney General*
13                                                   7141 Cleanwater Drive SW
                                                     Olympia, WA 98501-0111
14                                                   (360) 586-6314
                                                     Ellen.Range@atg.wa.gov
15                                                   *Attorney for Department of Labor and Industries
                                                     and Department of Health*
16
                                                     MARSHA CHIEN, WSBA No. 47020
17                                                   CRISTINA SEPE, WSBA No. 53609
                                                     *Deputy Solicitors General*
18                                                   1125 Washington Street SE
                                                     PO Box 40100
19                                                   Olympia, WA 98504-0100
                                                     (360) 753-6200
20                                                   Marsha.Chien@atg.wa.gov
                                                     Cristina.Sepe@atg.wa.gov
21
                                                     ANDREW HUGHES, WSBA No. 49515
22                                                   *Assistant Attorney General*
                                                     800 Fifth Avenue, Suite 2000
23                                                   Seattle, WA 98104
                                                     (206) 464-7744
24                                                   Andrew.Hughes@atg.wa.gov

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LISA KELLEY CHRISTENSEN
WSBA No. 21240
*Assistant Attorney General*
7141 Cleanwater Drive SW
Olympia, WA 98501-6503
(360) 586-7879
Lisa.Kelley@atg.wa.gov
*Attorneys for Department of Health*

PLAINTIFFS' RESPONSE
TO GEO'S SURREPLY
NO. 3:23-CV-05095-BHS
NO. 3:23-CV-05029-BHS

4

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby declare that on this day I electronically filed the foregoing document with the

3   Clerk of the Court using the Court's CM/ECF System, which will serve a copy of this document

4   upon all counsel of record.

5      DATED this 22nd day of April 2024, at Seattle, Washington.

6

7   BRITTNEY VALANDINGHAM
    Paralegal

8   800 Fifth Avenue, Suite 2000
    Seattle, WA 98104

9   (206) 389-3895
    Brittney.Valandingham@atg.wa.gov

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' RESPONSE
TO GEO'S SURREPLY
NO. 3:23-CV-05095-BHS
NO. 3:23-CV-05029-BHS

5

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740